2012 OK 102

OKLAHOMA COALITION FOR REPRO-
DUCTIVE JUSTICE, on behalf of itself
and its members and Nova Health Sys-
tems, d/b/a Reproductive Services, on be-
half of itself, its staff, and its patients,
Plaintiffs/Appellees,

v.

Terry CLINE, in his official capacity as
Oklahoma Commissioner of Health,
Lyle Kelsey, in his official capacity as
Executive Director of the Oklahoma
State Board of Medical Licensure and
Supervision, Catherine V. Taylor, in her
official capacity as the President of the
Oklahoma State Board of Osteopathic
Examiners, Defendants/Appellants.

No. 110,765.

Supreme Court of Oklahoma.

Dec. 4, 2012.

## MEMORANDUM OPINION

PER CURIAM.

¶ 1 This is an appeal of the trial court's summary judgment which held House Bill 1970, 2011 Okla. Sess. Laws 1276, unconstitutional. Upon review of the record and the briefs of the parties, this Court determines this matter is controlled by the United States Supreme Court decision in *Planned Parenthood v. Casey*, 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), which was applied in this Court's recent decision of *In re Initiative No. 395, State Question No. 761*, 2012 OK 42, 286 P.3d 637, *cert. den. sub nom. Personhood Okla. v. Barber et al.*, —— U.S. ——, 133 S.Ct. 528, 184 L.Ed.2d 340 (2012).

¶ 2 Because the United States Supreme Court has previously determined the dispositive issue presented in this matter, this Court is not free to impose its own view of the law. The Supremacy Clause of the United States Constitution provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI, cl. 2. The Oklahoma Constitution reaffirms the effect of the Supremacy Clause on Oklahoma law by providing: "The State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land." Okla. Const. art. 1, § 1. Thus, this Court is duty bound by the United States and the Oklahoma Constitutions to "follow the mandate of the United States Supreme Court on matters of federal constitutional law" *In re Initiative Petition No. 349, State Question No. 642*, 1992 OK 122, ¶ 1, 838 P.2d 1, 2; *In re Petition No. 395*, 2012 OK 42, ¶ 2, 286 P.3d 637.

¶ 3 The challenged measure is facially unconstitutional pursuant to *Casey*, 505 U.S.

833, 112 S.Ct. 2791. The mandate of *Casey* remains binding on this Court until and unless the United States Supreme Court holds to the contrary. The judgment of the trial court holding the enactment unconstitutional is affirmed and the measure is stricken in its entirety.

ALL JUSTICES CONCUR.